UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

BERNARD J. SORRENTINO,

                Plaintiff,

    -against-                                            9:23-CV-0582 (LEK/TWD)

ANTHONY J. ANNUCCI and
TIERNEY

                Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

       The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Bernard Sorrentino pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Acting Commissioner of Prisons Anthony Annucci ("Annucci") and Correction Officer Tierney ("Tierney") (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff, who is currently incarcerated at Wallkill Correctional Facility, has paid the filing fee for this action.

**II.    BACKGROUND**

       The Complaint asserts allegations of wrongdoing based on events that occurred while Plaintiff was incarcerated at Eastern Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). <u>See generally</u> Compl. The following facts are set forth as alleged by Plaintiff in his Complaint.

       On an unidentified date in 2020, Plaintiff was issued "a false misbehavior report" by Defendant Corrections Officer Tierney. <u>Id.</u> at 4. At the conclusion of Plaintiff's disciplinary hearing, an unidentified corrections official found Plaintiff guilty of the charges in the

misbehavior report and sentenced him to fifty days of confinement in the special housing unit ("SHU"). Id.

At the conclusion of Plaintiff's SHU confinement, one or more unidentified corrections officials placed Plaintiff "under administrative segregation" for 60 days. Id.

Plaintiff filed a grievance and commenced a state court proceeding regarding the false misbehavior report. Id. On October 5, 2021, the "[disciplinary] charge was affirmed" by the state court, and Plaintiff was "denied entry to the New York Court of Appeals" on April 26, 2022. Id.

On July 25, 2022, Plaintiff filed another state court action wherein he sought monetary relief "for [his] segregation time only, not the false misbehavior report." Id.

Liberally construed, the Complaint asserts the following Section 1983 claims against Defendants: (1) Eighth Amendment claims based on Plaintiff's restrictive confinement; and (2) Fourteenth Amendment due process claims based on the issuance of the false misbehavior report and imposed disciplinary sentence. Id. at 7. Plaintiff seeks an award of monetary damages. Id.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (finding that Section 1915A applies to all actions brought by prisoners against government officials); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both 28 U.S.C. § 1915 and 28 U.S.C. § 1915A are available to evaluate prisoner pro se complaints).

2

In reviewing a pro se complaint, a court has a duty to show liberality toward pro se litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Supreme Court has stated that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (cleaned up).

## IV.   DISCUSSION

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and

laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

### A. Section 1983 Claims Against Annucci

It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)); Iqbal, 556 U.S. at 676. "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" Austin v. Pappas, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "[V]icarious liability is inapplicable to . . . § 1983 suits." Iqbal 556 U.S. at 676.

If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003). Instead, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). Thus, in the context of an Eighth Amendment claim against a supervisory official, a plaintiff must establish that the supervisory official himself "acted with deliberate indifference—meaning that [the official] personally knew of and disregarded an excessive risk to [the plaintiff's] health or safety." Id. at 619 (internal quotation marks and citation omitted).

Here, the Complaint names DOCCS Commissioner Annucci as a defendant, but fails to allege that this official was involved in any of the wrongdoing described in the Complaint. See generally Compl. Plaintiff does not, for example, allege that Annucci was involved in investigating the misbehavior report authored by Tierney. Nor does Plaintiff allege that Annucci participated in his disciplinary hearing or appeal of the disciplinary determination, or was in any way involved in the decision to place him in administrative segregation. Thus, the Court has no basis to infer that Annucci was personally involved in the alleged wrongdoing described in the Complaint.

Accordingly, Plaintiff's Section 1983 claims against Annucci are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### B. Eighth Amendment Claim Against Defendant Tierney

The Eighth Amendment protects prisoners from "cruel and unusual punishments" at the hands of prison officials. See Wilson v. Seiter, 501 U.S. 294, 296–97 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Although it is clear that the Eighth Amendment "does not mandate comfortable prisons," it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (first citing Farmer v. Brennan, 511 U.S. 825, 832 (1994); and then citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)).

"Prison officials are liable under the Eighth Amendment for harm incurred by an inmate if they act with deliberate indifference to the inmate's safety." Price v. Oropallo, No. 13-CV-563, 2014 WL 4146276, at *8 (N.D.N.Y. Aug. 19, 2014). To satisfy the deliberate indifference

standard, a plaintiff must show that: (1) "he is incarcerated under conditions posing a substantial risk of serious harm;" and (2) "the defendant prison officials possessed sufficient culpable intent." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996) (citing Farmer, 511 U.S. at 834). The first prong is objective and requires that prison officials provide inmates with "basic human needs, one of which is 'reasonable safety.'" Helling v. McKinney, 509 U.S. 25, 30, 33 (1993) (quoting DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199 (1989)). "The second prong of the deliberate indifference test, culpable intent, in turn, involves a two-tier inquiry." Hayes, 84 F.3d at 620. In particular, "a prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." Id. As the Supreme Court has made clear, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Courts in this Circuit have held that as a general rule, "administrative segregation conditions, even though restrictive and harsh, are insufficient to establish Eighth Amendment violations because they are part of the penalty that criminal offenders pay for their offenses against society." Tavares v. Amato, 954 F. Supp. 2d 79, 92 (N.D.N.Y. 2013) (quotations and alterations omitted); Bowens v. Smith, No. 11-CV-784, 2013 WL 103575, at *10 (N.D.N.Y. Jan. 8, 2013) ("Confinement in SHU, in itself, notwithstanding its additional restrictions on inmates, has not been held to constitute cruel and unusual punishment."), report and recommendation adopted 2013 WL 103596 (N.D.N.Y. Jan. 8, 2013).

"However, courts are also cognizant that 'the deleterious effects of isolated housing on inmates—especially to those assigned to long-term solitary confinement—are well-known and

amply documented,' including the fact that prolonged solitary confinement 'can and does lead to significant psychological harm.'" Smith v. Annucci, No. 18-CV-06261, 2019 WL 539935, at *6 (W.D.N.Y. Feb. 11, 2019) (quoting Peoples v. Annucci, 180 F. Supp. 3d 294, 299 (S.D.N.Y. 2016)). "Accordingly, courts have found Eighth Amendment violations where inmates are held in solitary confinement for extended periods of time, such that the effects are 'grossly disproportionate' to the reasons for the isolation." Smith, 2019 WL 539935, at *6 (citing Peoples v. Fischer, 898 F. Supp. 2d 618, 621 (S.D.N.Y. 2012)); see also Hamilton v. Fisher, No. 10-CV-1066, 2012 WL 987374, at *8 (N.D.N.Y. Feb. 29, 2012) ("SHU confinement is not cruel and unusual unless it is 'totally without penological justification, grossly disproportionate, or involve[s] the unnecessary and wanton infliction of pain.'" (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984)), report and recommendation adopted, 2012 WL 987122 (N.D.N.Y. Mar. 22, 2012).

Here, Plaintiff has not alleged any cognizable deprivation or exposure to any excessive risk to his health or safety during his segregated confinement. See generally Compl.

Accordingly, Plaintiff's Eighth Amendment claim against Defendant Tierney is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. Fourteenth Amendment Claims Against Defendant Tierney

To successfully state a claim under Section 1983 for denial of procedural due process, a plaintiff must establish both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. Shakur v. Selsky, 391 F.3d 106, 118 (2d Cir. 2004) (citing Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989)). Procedural due process generally requires that the state afford individuals "some kind of

hearing" prior to depriving them of a liberty or property interest. DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003).

An inmate's protected liberty interest is implicated where the punishment at issue imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). The duration of the challenged confinement, while not determinative, is a significant factor under Sandin. Id.

Although the Second Circuit has declined to provide a bright-line rule as to what duration of punitive confinement implicates a prisoner's constitutional rights, the Second Circuit has defined general guidelines. See Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004). The Second Circuit has found that normal confinement in a segregated housing unit of 101 days or less does not constitute an "atypical and significant hardship" under Sandin. See Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000) (citing Sealey v. Giltner, 197 F.3d 578, 589–90 (2d Cir. 1999)). As a general matter, "[a] period of confinement between 101 and 305 days is considered to be an 'intermediate duration' and could implicate a liberty interest should a detailed record of the conditions of confinement indicate that it was an atypical and significant hardship." Bunting v. Nagy, 452 F. Supp. 2d 447, 456 (S.D.N.Y. 2006) (citing Sealey, 197 F.3d at 589); see also Palmer, 364 F.3d at 64–65 ("Where the plaintiff was confined for an intermediate duration— between 101 and 305 days—'development of a detailed record' of the conditions of confinement relative to ordinary prison conditions is required." (citing Colon, 215 F.3d at 232)).

The due process protections afforded inmates facing disciplinary hearings that affect a liberty or property interest include: "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the

evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004) (citing Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974)). The hearing officer's findings must be supported by "some reliable evidence." Id. (citing Superintendent v. Hill, 472 U.S. 445, 455 (1985)).

Here, Plaintiff alleges that Defendant Tierney issued a "false misbehavior report," and he was thereafter found guilty of the charges in that report and sentenced to fifty days of confinement in the SHU. Compl. at 4. Insofar as Plaintiff has asserted a due process claim against Tierney based on the alleged issuance of a false misbehavior report, it is well settled that "the filing of unfounded charges is not *per se* a constitutional violation under section 1983[.]" Freeman v. Rideout, 808 F.2d 949, 950 (2d Cir. 1986); Willey v. Kirkpatrick, 801 F.3d 51, 63 (2d Cir. 2015) (noting that "when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the [allegedly false] report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right[,]" the alleged creation of a false report may give rise to a constitutional claim); Mitchell v. Senkowski, 158 F. App'x 346, 349 (2d Cir. 2005) ("The issuance of false misbehavior reports and provision of false testimony against an inmate . . . violates due process only where either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him, . . . or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights . . . ." (internal citations omitted)). Moreover, the Complaint lacks allegations regarding the events that formed the basis misbehavior report, and any prior history between Plaintiff and Tierney. Thus, the Court has no basis to infer that the misbehavior report was issued as retaliation for the exercise of substantive constitutional rights.

9

Furthermore, insofar as Plaintiff has asserted a due process claim against Defendant Tierney based on the alleged disciplinary sanction that he received, Plaintiff's pleading is deficient for two reasons. First, the Complaint does not include any allegations regarding Plaintiff's restrictive confinement, and fifty days of SHU confinement is not atypically long in and of itself. See Colon, 215 F.3d at 231; Elleby v. Martucello, No. 16-CV-1335, 2018 WL 3769965, at *3 (N.D.N.Y. Aug. 9, 2018) ("The Court notes that Plaintiff was sentenced to 90 days in SHU which, without additional allegations, is insufficient to establish that he suffered from an atypical and significant confinement as required by Sandin.").[1] Second, the Complaint does not provide any facts relating to Plaintiff's disciplinary hearing. Thus, the Court also has no basis to plausibly infer that Plaintiff was denied due process in connection with his disciplinary hearing.

Accordingly, Plaintiff's Fourteenth Amendment due process claims against Tierney are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. Any prior complaint shall be incorporated into his amended complaint by reference.

**D. Dismissal with Leave to Amend**

Based on the foregoing, the Court finds that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In light of Plaintiff's pro se status, the Court will afford him the opportunity to file an amended complaint. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). In any amended complaint that Plaintiff submits in response to this Memorandum-Decision and Order,

---

[1] The law is well settled that "[i]t is the length of the actual punishment that is relevant in determining whether a period of SHU confinement implicates a cognizable liberty interest, and, not the length of the sentence imposed." Burroughs v. Mitchell, 325 F. Supp. 3d 249, 276 (N.D.N.Y. 2018) (citing Scott v. Albury, 156 F.3d 283, 287–88 (2d Cir. 1998)).

he must set forth a short and plain statement of the facts to support his claim that any individual named as a defendant engaged in misconduct or wrongdoing that violated Plaintiff's constitutional rights. Plaintiff is advised that any amended complaint will completely replace the prior Complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

Plaintiff is forewarned that, if he fails to submit an amended complaint within forty-five (45) days of the filing date of this Decision and Order, the Court will dismiss this action without prejudice, and without further order, pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file an amended complaint as directed above **within forty-five (45) days** from filing date of this Decision and Order; and it is further

**ORDERED**, that, if Plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim

upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

DATED:    July 27, 2023
          Albany, New York

LAWRENCE E. KAHN
United States District Judge