UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERNARD J. SORRENTINO,

                      Plaintiff,

   -against-                                                9:23-CV-582 (LEK/TWD)

ANTHONY J. ANNUCCI, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Plaintiff Bernard J. Sorrentino commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. See Dkt. No. 1 ("Complaint"). On July 27, 2023, this Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed Plaintiff's Section 1983 claims for failure to state a claim. Dkt. No. 8 ("July 2023 Order"). The Court also afforded Plaintiff an opportunity to submit an amended complaint. See id. at 10–11.

Now before the Court is Plaintiff's amended complaint. Dkt. No. 12 ("Amended Complaint").

**II. BACKGROUND**

    **A.    The Complaint and July 2023 Order**

In his original Complaint, Plaintiff asserted Section 1983 claims against Corrections Officer Tierney ("Tierney") and New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Anthony J. Annucci ("Annucci") based on alleged wrongdoing that occurred while Plaintiff was incarcerated at Eastern Correctional Facility. See generally Compl. The Court construed the Complaint as asserting Eighth Amendment claims

based on Plaintiff's placement in restrictive confinement following a disciplinary hearing and Fourteenth Amendment due process claims based on the issuance of a false misbehavior report and imposed disciplinary sentence. See July 2023 Order at 2.

Following review of the Complaint pursuant to 28 U.S.C. § 1915A(b), the Court dismissed Plaintiff's Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted. See id.

### B. Overview of Amended Complaint

As in the original Complaint, the Amended Complaint alleges wrongdoing associated with both Plaintiff's receipt of a misbehavior report from Tierney during Plaintiff's confinement at Eastern Correctional Facility and Plaintiff's subsequent disciplinary and administrative hearings. The following facts are set forth as alleged by Plaintiff in the Amended Complaint.

On February 18, 2020, Tierney issued Plaintiff a misbehavior report, which falsely accused Plaintiff of stating that Plaintiff would like to "marry" Corrections Officer Vauricka (not a party) and "could kill her." Am. Compl. at 3. Tierney charged Plaintiff with "stalking, violent conduct and making a threat" based on this statement. Id. Corrections Officer Forte (not a party) was present "at the time of the alleged statement" and therefore knew that it did not happen. Id. at 3, 6.

Prior to Plaintiff's receipt of the misbehavior report, he filed "environmental Complaints related to unchecked smoking" in his housing area and the burning of "Muslim oils . . . to cover up the odor of smoke from cigarettes and drugs." Id. at 4. Plaintiff also submitted a complaint to DOCCS officials based on "items being taken out of [his] cell without authorization," which resulted in a payment from "Albany" for the loss of property. Id. at 5. The payment "implicated" officers from Plaintiff's housing unit, including Tierney, in the wrongdoing. Id. at 4–5.

DOCCS afforded Plaintiff a disciplinary hearing based on the misbehavior report, which was conducted by Hearing Officer Morrow ("Morrow"). Id. at 3–4. At the start of the hearing, Plaintiff advised Morrow that Plaintiff did not make the statement that was the subject of the misbehavior report, and that Plaintiff was not immediately "locked up" after the alleged statement, as Tierney represented in the report. Id. Plaintiff then explained to Morrow that he could prove that Tierney's statement about locking him up after the assault was false because there was a record of Plaintiff attending "chow" after the statement was allegedly made. Id. at 4. The hearing was then adjourned for "a few days." Id.

When the hearing resumed, Morrow called Tierney by phone in Plaintiff's presence. Id.. Before Tierney was asked any questions, Tierney "blurted out the reason why he let [Plaintiff] go to chow" even though the misbehavior report stated that Plaintiff was "locked up" after making the alleged threatening statement. Id. To Plaintiff, "[i]t was [beyond] obvious that the hearing officer . . . let [Tierney] know about [her] conversation [with Plaintiff], . . . and coached him on what to say." Id.

Morrow also refused to allow Plaintiff to introduce evidence showing a retaliatory motive for Tierney issuing the misbehavior report, and denied Plaintiff's requests to call Corrections Officers Forte and Vauricka as witnesses. Id. at 4–6. Morrow told Plaintiff that Corrections Officer Forte would not be called because a corrections sergeant interviewed this official and concluded that "he was too far away to hear" the alleged statement. Id. at 5–6. However, Morrow did not provide Plaintiff with any documentation of "the so called interview." Id. at 6.

Plaintiff's disciplinary hearing concluded on February 28, 2020, with Morrow finding Plaintiff guilty of all charges in the misbehavior report and sentencing him to seventy days of confinement in the special housing unit ("SHU"). Id. at 3. Plaintiff appealed this disciplinary

sentence to the Superintendent of Eastern Correctional Facility, who "dismissed the stalking and violent conduct charges and reduced the SHU time to 50 days" on March 20, 2020. Id. However, the facts developed during Plaintiff's disciplinary hearing were also relied on to place Plaintiff in administrative segregation following a second hearing that concluded on April 24, 2020. Id. Plaintiff's appeal of the administrative segregation decision was denied. Id.[2]

The Amended Complaint does not name Annucci, or any other official besides Tierney, as a defendant. The pleading does, however, include express allegations of wrongdoing by Morrow (in addition to the allegations of wrongdoing by Tierney), and also asserts a claim for "denial of due process at [Plaintiff's] disciplinary hearing." See id. at 4–6, 8. Accordingly, out of an abundance of solicitude, and for the sake of judicial efficiency, the Court will assume that Plaintiff also wishes to name Morrow as a defendant. See JCG v. Ercole, No. 11-CV-6844, 2014 WL 1630815, at *16 (S.D.N.Y. Apr. 24, 2014) (noting that "courts have found pro se Complaints to sufficiently plead claims against defendants not named in the caption when there are adequate factual allegations to establish that the Plaintiff intended them as defendants" and collecting cases in support), report and recommendation adopted, 2014 WL 2769120 (S.D.N.Y. June 18, 2014).

Liberally construed, the Amended Complaint asserts the following claims against Tierney and Morrow in their individual capacities: (1) a First Amendment retaliation claim against Tierney; (2) Eighth Amendment claims based on excessive restrictive confinement against Tierney and Morrow; and (3) Fourteenth Amendment due process claims against Tierney and Morrow. Plaintiff seeks money damages. Id. at 8.

---

[2] Although the Amended Complaint does not identify the duration of Plaintiff's placement in administrative segregation, the original Complaint alleges that it lasted for 60 days. See Compl. at 4.

### III. LEGAL STANDARD

Because Plaintiff is incarcerated and suing government officials, his Amended Complaint must be reviewed in accordance with 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to this statute was discussed at length in the July 2023 Order and will not be restated here. See July 2023 Order at 2–3.

### IV. DISCUSSION

#### A. First Amendment Retaliation Claim

Courts must approach claims of retaliation "'with skepticism and particular care' because 'virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act.'" Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (quoting Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). To state a plausible claim, a plaintiff asserting a First Amendment retaliation claim must advance "non-conclusory" allegations establishing "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the Plaintiff, and (3) that there was a causal connection between the protected speech [or conduct] and the adverse action." Id. (quoting Dawes, 239 F.3d at 492).

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, see, e.g., Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that Plaintiff's retaliation claim against Tierney survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### B. Eighth Amendment Claims

The legal standard governing an Eighth Amendment claim based on excessive restrictive confinement was discussed at length in the July 2023 Order and will not be restated here. See July 2023 Order at 5–7.

Assuming Plaintiff was placed in administrative segregation immediately after the conclusion of his SHU sentence and remained there for 60 days, he served a total of 110 days in restrictive confinement. The Amended Complaint, however, lacks any allegations which plausibly suggest that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm during this time. See generally Am. Compl. And as with the original Complaint, the Amended Complaint does not include any allegation that Plaintiff suffered any cognizable deprivation or exposure to any excessive risk to his health or safety during his segregated confinement. See generally id.

Accordingly, Plaintiff's Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. Fourteenth Amendment Due Process Claims

The legal standard governing a Fourteenth Amendment disciplinary due process claim was discussed at length in the July 2023 Order and will not be restated here. See July 2023 Order at 7–10.

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that Plaintiff's due process claims against Tierney and Morrow survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint (Dkt. No. 12) is accepted for filing and is the operative pleading; and it is further

**ORDERED**, that the Clerk shall update the docket to add Hearing Officer Morrow as a defendant and **TERMINATE** DOCCS Commissioner Annucci; and it is further

**ORDERED**, that Plaintiff's First Amendment retaliation claim against Tierney and Fourteenth Amendment due process claims against Tierney and Morrow **SURVIVE** sua sponte review; and it is further

**ORDERED**, that Plaintiff's remaining Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that upon receipt from Plaintiff of the documents required for service, the Clerk shall issue summonses and forward them, along with the necessary copies of the Amended Complaint, to the United States Marshal for service upon Tierney and Morrow.[3] The Clerk shall forward a copy of the summons and Amended Complaint by electronic mail to the New York State Attorney General's Office, together with a copy of this Memorandum-Decision and Order; and it is further

**ORDERED**, that upon the completion of service, a response to Plaintiff's Amended Complaint be filed by Tierney and Morrow, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

---

[3] In the event Plaintiff does not wish to pursue a Fourteenth Amendment due process claim against Morrow, he is directed to advise the Court within thirty (30) days, and need only provide documents necessary for service on Tierney.

     **ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    October 31, 2023
               Albany, New York

                                        LAWRENCE E. KAHN
                                        United States District Judge