UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERNARD J. SORRENTINO,

                Plaintiff,

-against-                                        9:23-CV-582 (LEK/TWD)

ANTHONY J. ANNUCCI, *et al.*,

                Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Bernard J. Sorrentino commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. See Dkt. No. 1 ("Complaint"). By Memorandum-Decision and Order entered on July 27, 2023, this Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A(b) and dismissed Plaintiff's Section 1983 claims for failure to state a claim upon which relief may be granted. Dkt. No. 8 ("July 2023 Order"). In light of Plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint. See id. at 10–11.

On September 14, 2023, the Court received an amended complaint from Plaintiff. Dkt. No. 12 ("Amended Complaint"). In a Memorandum-Decision and Order entered on October 31, 2023, the Court reviewed the Amended Complaint for sufficiency in accordance with 28 U.S.C. § 1915A(b). Dkt. No. 13 ("October 2023 Order"). The Court dismissed Plaintiff's Eighth Amendment claims, and directed service and a response for the remaining claims, which survived sua sponte review. See id. at 7–8

Presently before the Court are (1) Plaintiff's motion for partial reconsideration of the October 2023 Order, Dkt. No. 15 ("Motion for Reconsideration"); and (2) Plaintiff's request that

1

the United States Marshals Service attempt service of the Amended Complaint on the named Defendants, Dkt. No. 17 ("Letter Request"). Plaintiff included payment of the service fee with his Letter Request.

## II.    MOTION FOR RECONSIDERATION

Reconsideration may be sought pursuant to either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). However, Rule 59(e) provides that any such motion must be filed no later than twenty-eight days after the challenged order. This deadline is strict, and cannot be extended. See Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); see also United States v. Timon, No. 20-CV-1101, 2022 WL 17177618, at *2 (N.D.N.Y. Nov. 23, 2022) (denying a Rule 59(e) motion that was filed one day after the deadline). Here, Plaintiff's Motion for Reconsideration was filed on January 5, 2024—sixty-six days after the October 2023 Order, and long after the deadline expired. Accordingly, this Court cannot analyze Plaintiff's Motion for Reconsideration under Rule 59(e), and should analyze it under Rule 60(b) instead. See McCluskey v. Roberts, No. 20-CV-4018, 2022 WL 2046079, at *1 (2d Cir. June 7, 2022) ("When a Rule 59(e) motion is untimely filed . . . this Court will generally treat it as a motion for reconsideration under Rule 60(b).") (citing Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991)).

Under Rule 60(b), a party may seek reconsideration of an order based on (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" (3) "fraud[,] . . . misrepresentation, or misconduct by an opposing party;" (4) the order being rendered "void;" (5) the order having been "satisfied, released, or discharged;" or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(6).

Plaintiff contends that this Court mistakenly construed his Amended Complaint as a "prison condition complaint." See Mot. for Recons. at 1. He now urges the Court to revisit the October 2023 Order in order to consider (1) the impact that Officer Tierney's accusation will have on his eligibility for parole, and (2) the harm that he experienced by virtue of his commitment to the Special Housing Unit. See id. at 2.

Plaintiff's Motion for Reconsideration appears to be based on a misunderstanding of the October 2023 Order, and he appears to express a belief that only his Eighth Amendment claims remain in this action. See id. at 1. For the sake of clarity, the Section 1983 claims that remain in this action are (1) a First Amendment retaliation claim against Defendant Tierney based on this official allegedly issuing Plaintiff a false misbehavior report and testifying falsely at the related disciplinary hearing, allegedly in response to Plaintiff's engagement in protected activity; and (2) Fourteenth Amendment due process claims against Defendants Tierney and Morrow based on these officials allegedly engaging in misconduct related to and during Plaintiff's disciplinary hearing, which resulted in his confinement in a Special Housing Unit cell. See October 2023 Order at 7. Although the Court liberally construed the Amended Complaint to also raise Eighth Amendment claims against Defendants Tierney and Morrow, those claims were dismissed without prejudice. See id. at 6. Accordingly, insofar as Plaintiff seeks reconsideration to reinstate his retaliation and/or due process claims, his Motion for Reconsideration is denied because those claims remain pending.

To the extent that Plaintiff argues that this Court failed to consider the effect of his disciplinary record on his eligibility for parole, his Motion for Reconsideration is also denied. Plaintiff made no reference to this issue in his Amended Complaint, nor did he seek any form of relief relevant to the question of his parole. And, indeed, it is not clear that Plaintiff could have

3

raised a cognizable claim related to the future conduct of his parole board. Plaintiff either (1) seeks to connect his eligibility for parole to Officer Tierney's conduct for the purposes of damages, in which case the issue would not be reached until damages are determined; or else (2) he seeks to enjoin his parole board from considering his alleged misconduct, in which case the issue is not justiciable until he has actually received a parole denial. In either case, the question of Plaintiff's eligibility for parole would not have been relevant to the October 2023 Order, even if he had raised it in his Amended Complaint. Therefore, the Court did not err in failing to consider that issue.

      Accordingly, Plaintiff's Motion for Reconsideration is denied in its entirety.

**II.  SERVICE**

      Plaintiff is not proceeding *in forma pauperis* in this case. By Text Order entered on November 16, 2023, Plaintiff was directed to provide the Court with two copies of his pleading, along with either (1) a written request for service by the U.S. Marshal and payment of the $16.00 service fee by money order or certified check, or (2) a written request for permission to attempt service by other means. Dkt. No. 14 ("November 2023 Order"). Plaintiff was also advised that if he chooses to request service by the U.S. Marshal and initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal. Id.

      On January 24, 2024, the Court received Plaintiff's Letter Request, wherein he asks that the Court direct the U.S. Marshal to attempt service on the named Defendants, along with two copies of the Amended Complaint and the $16.00 service fee. Plaintiff has now fully complied with the November 2023 Order, and his Letter Request is granted. The Clerk is directed to

4

forward the service fee, along with the copies of the Amended Complaint, to the U.S. Marshal for service to be attempted on the named defendants.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED**, that the Clerk is directed to issue summonses and forward them, along with the service fee and two copies of the amended complaint, to the U.S. Marshal for service on the named defendants. Plaintiff's Letter Request (Dkt. No. 17) is GRANTED in this regard; and it is further

**ORDERED**, that if initial service is unsuccessful, Plaintiff will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal; and it is further

**ORDERED**, that upon the completion of service, a response to Plaintiff's Amended Complaint be filed by the Defendants, or their counsel, as provided for the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum-Decision and Order on Plaintiff.

**IT IS SO ORDERED**

DATED:   February 21, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge