UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BERNARD J. SORRENTINO,

                     Plaintiff,

-against-                                   9:23-CV-582 (LEK/TWD)

TIERNEY and MORROW,[1]

                     Defendants.

---

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Bernard J. Sorrentino brings this pro se action pursuant to 42 U.S.C. § 1983 against, *inter alia*, Defendant Tierney asserting violations of his constitutional rights. Dkt. No. 1. Tierney filed a motion for summary judgment and partial motion to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies and failed to state a claim. Dkt. No. 25 ("Motion"). On February 13, 2025, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending the Motion be denied. Dkt. No. 35 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

---

[1] The Clerk is directed to update the case caption to reflect that the only remaining defendants are Tierney and Morrow.

## II.    BACKGROUND

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 2–3.

In her analysis, Judge Dancks first recommended denying Defendant's Motion seeking dismissal of Plaintiff's First Amendment retaliation claim for failure to exhaust administrative remedies. *Id.* at 12. While Defendant "satisfied [his] initial burden of demonstrating that a grievance procedure existed, and Plaintiff failed to exhaust administrative remedies," *id.* at 11, Judge Dancks found that "Plaintiff appears to raise an issue regarding the availability of his administrative remedies," *id.* at 12. Judge Dancks noted that discovery was necessary to provide Plaintiff with the opportunity to support his exhaustion theory. *Id.*

Next, Judge Dancks recommended denying Defendant's Motion seeking dismissal of Plaintiff's First Amendment retaliation claim for failure to state a claim. *Id.* at 15. While Defendant argued that Plaintiff did not establish a causal connection between his "complaints" and the filing of the misbehavior report, Judge Dancks found that Plaintiff satisfied the causation prong. *Id.* at 14. As Judge Dancks noted, "[f]irst, Plaintiff alleges the [] misbehavior report followed close in time to Plaintiff['s] complaints." *Id.* Second, Plaintiff had no violence on his record and two charges against him were "dropped." *Id.* Judge Dancks stated that both of these factors support a finding of causation at the motion to dismiss stage. *Id.*

Judge Dancks thus recommended the Motion be denied in its entirety. *Id.* at 16.

## III.    LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R.

72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.    DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 35, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the motion for summary judgment and partial motion to dismiss, Dkt. No. 25, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 18, 2025
          Albany, New York

LAWRENCE E. KAHN
United States District Judge